UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

REGGIE MARSHALL,

        Plaintiff,        Case No. 1:12-cv-555

v.        Honorable Paul L. Maloney

PRISON HEALTH SERVICES, INC. et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for a preliminary injunction and/or restraining order (docket #3). For the reasons discussed herein, Plaintiff's motion will be denied.

Plaintiff Reggie Marshall is a prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF). He sues the following individuals working at ECF: Dr. Robert Crompton and Warden Cindi Curtin. In addition, he sues the health care service provider for the MDOC, Prison Health Services, Inc. (PHS).

Plaintiff alleges in his complaint that he is six feet and four inches tall, and that he weighs 140 pounds. In August 2008, when he first arrived at ECF, he weighed between 175 and 180 pounds. In the fall of 2008, while he was in segregation, Plaintiff lost thirty-five to forty pounds. By November 2009, Plaintiff had not regained the weight that he lost and he started experiencing dizziness upon standing. He was seen by Defendant Crompton in December of that year. Dr. Crompton ordered that Plaintiff receive one high-calorie/high-protein snack bag per day in addition

to his regular food. Plaintiff received his snack bags for over two years but he failed to gain any significant weight, staying between 135 and 140 pounds.[1] Plaintiff saw Dr. Crompton again in January 2012, and he expressed concern about his inability to regain his lost weight. In response, Dr. Crompton ordered that Plaintiff's snack-bag detail be continued indefinitely.

In February 2012, Plaintiff was moved from segregation to protective housing. A week later, he stopped receiving his snack bags. When he complained about this to prison health services, he was told that he no longer needed the snack-bag detail because his caloric needs could be met from the regular menu. Plaintiff alleges that Dr. Crompton discontinued the snack bags and has refused to provide any care to determine the cause of his weight loss. Plaintiff continues to experience bouts of dizziness upon standing, and he "has no real energy." (Compl. ¶ 30.)

Plaintiff asserts that PHS has an unwritten policy to limit its costs by refusing to refer prisoners to medical specialists. In addition, Plaintiff alleges that the meals provided at ECF do not provide sufficient caloric content to maintain a healthy weight. Based on the foregoing allegations, Plaintiff asserts that Defendants' conduct and/or policies violate his right to adequate nutrition and medical care under the Eighth Amendment.

## **Analysis**

Plaintiff's motion seeks unspecified preliminary injunctive relief. The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood

---

[1] In January 2012, Dr. Crompton ordered an increase in the number of snack bags to three per day, but then reverted to his prior order a week later after Plaintiff gained two or three pounds.

of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington- Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). It is not at all clear from Plaintiff's *pro se* complaint or subsequent filings that Plaintiff has a substantial likelihood of success on his Eighth Amendment claim. Although the Court makes no final determination on this issue, it appears at this preliminary stage that Plaintiff has not made a substantial showing of a violation of his constitutional rights. Second, the presence of irreparable harm in the absence of an injunction is not evident. Though Plaintiff lost a significant amount of weight in the fall of 2008, he has apparently maintained his weight since that time; there is no

indication that his health is deteriorating. In other words, he has not set forth specific facts showing an immediate, concrete and irreparable harm in the absence of an injunction.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning the provision of medical care to inmates are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d at 286-87. That showing has not been made here. Therefore, the balance of considerations weighs against a grant of injunctive relief at this stage. Consequently, Plaintiff's motion for preliminary injunctive relief will be denied.

An order will be entered that is consistent with this Opinion.


Dated:   October 26, 2012             /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           Chief United States District Judge