UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

REGGIE MARSHALL, # 416454,            )
                                      )
                Plaintiff,             )   Case No. 1:12-cv-555
                                      )
v.                                     )   Honorable Paul L. Maloney
                                      )
PRISON HEALTH SERVICES, INC, et al.,  )   **REPORT AND RECOMMENDATION**
                                      )
                Defendants.            )
_____)

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Oaks Correctional Facility (ECF). The defendants are ECF's Warden Cindi Curtin, Robert Crompton, M.D., and Prison Health Services, Inc. (PHS) (now known as Corizon Health, Inc.). Plaintiff alleges that Dr. Crompton violated his Eighth Amendment rights because the medical care he provided for plaintiff's weight loss was inadequate and he refused to refer plaintiff to a specialist. He alleges that PHS violated his Eighth Amendment rights because it has an "unwritten policy" which is preventing Dr. Crompton from referring plaintiff to a specialist. Warden Curtin is named in the caption of the complaint, but plaintiff makes no factual allegations against her.

        On March 22, 2013, Warden Curtin filed a hybrid motion seeking dismissal of plaintiff's complaint for failure to state a claim on which relief can be granted, or alternatively, for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (docket # 19). Plaintiff elected not to file a response to Curtin's motion. On July 22, 2013, Dr. Crompton and

PHS filed a motion for summary judgment. (docket # 23). Plaintiff ignored the motion. For the reasons set forth herein, I recommend that defendant Curtin's Rule 12(b)(6) motion be granted and that all plaintiff's claims against her be dismissed. I further recommend that the motion for summary judgment by defendants PHS and Crompton be granted and that judgment be entered in their favor on all plaintiff's claims.

**I.    Warden Curtin**

Warden Curtin's name appears in the caption of the complaint, but there are no allegations against her in the body of the complaint. A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal as frivolous.[1] *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept. 28, 2010) (collecting cases). I recommend that defendant Curtin's motion to dismiss plaintiff's complaint for failure to state a claim be granted.

**II.    Dr. Crompton and PHS**

Dr. Crompton and PHS seek summary judgment on the merits of plaintiff's claims.

A.    <u>Summary Judgment Standards</u>

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for

---

[1] Plaintiff's pleading is so deficient that it is not necessary to reach Warden Curtin's alternative arguments that she is entitled to dismissal of plaintiff's complaint on qualified immunity grounds or summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a).

determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549

(6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

Although plaintiff elected not to file a response to the motion for summary judgment by Dr. Crompton and PHS, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine defendants' motion to ensure that they have discharged their burden.

### B. Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). At all times relevant to his complaint, plaintiff has been an inmate at the Oaks Correctional Facility (ECF). Plaintiff is approximately 6 feet 4 inches tall. He states that on his arrival at ECF in August 2008, he weighed approximately 175 to 185 pounds.[2] (Compl. ¶¶ 1-5). The medical records from his intake examination at ECF show that he weighed 153 pounds. (Crompton Aff. ¶ 6, docket # 23-2). Plaintiff's weight has fluctuated somewhat during his confinement at ECF, and it has never returned to the pre-confinement range of 175 to 185 pounds. (Compl. ¶¶ 14, 17, 19, 21, 27; Crompton Aff. ¶¶ 6-11, 17, 20, 22-24, 26-27,

---

[2]Plaintiff's complaint is verified under penalty of perjury. It is considered as an affidavit in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, "verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

29-32; docket # 25-1, ID#s 152, 154, 158-66, 169-70, 186-88, 195, 197, 199-202, 205, 209-10, 212, 216-17, 222-23, 230-31, 237, 239-40, 242-46, 248-52, 254-57, 259-65). Plaintiff states that at "some point in November of 2009, [he] began experiencing dizziness upon standing" and "asserts that he continues to experience bouts of unexplained dizziness upon standing and that he has no real amount of energy." (Compl. ¶¶ 11, 30). His medical records indicate that he has denied experiencing fatigue, malaise, dizziness or syncope. (docket # 25-1, ID#s 187, 200, 222, 261, 263). Plaintiff complains that the meals served at ECF do not provide him with enough calories to maintain good health. (Compl. ¶ 31). He has periodically received "snack bags" to supplement his prison diet and keep his weight up. (Compl. ¶¶ 12, 13, 18, 19, 20, 24, 26). Plaintiff has a tall and slim build and his health is not at risk based on his weight. (Crompton Aff. ¶ 33).

Dr. Crompton is a licenced physician. He has provided medical care to plaintiff during his incarceration at ECF. (Crompton Aff. ¶ 2). Plaintiff's weight has been monitored and he has received treatment when it was medically necessary. (Crompton Aff. ¶ 5; docket # 25-1, ID#s 152-265). During the intervals when plaintiff's weight fell below what was considered a medically appropriate range, he received supplemental calories each day in "snack bags." (Crompton Aff. ¶¶ 7, 13, 14, 17-19, 21, 23-25, 27, 30-31). Plaintiff has received medically appropriate care. (Crompton Aff. ¶ 35). There is no PHS policy preventing a referral to a specialist. Plaintiff's medical condition has never warranted such a referral. (Crompton Aff. ¶¶ 36-38).

C. Discussion

Plaintiff alleges that Dr. Crompton and PHS violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the

Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n.5; *see also Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.'") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550).

Plaintiff has not presented evidence sufficient to support either the objective or the subjective component of an Eighth Amendment claim. The record is devoid of any diagnosis of a disease or medical condition sufficiently serious to rise to constitutional levels. Plaintiff's weight sometimes fell into a range where it was appropriate to supplement his diet. Plaintiff's medical records reveal that he denied any dizziness, and whatever "bouts of unexplained dizziness" he may have experienced during his years of confinement at ECF did not rise to the level of serious medical needs.

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs. There is no evidence of any deficiency in his medical care. Plaintiff's disagreement with the treatment provided falls far short of supporting an Eighth Amendment claim. *See e.g.*, *Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006).

Plaintiff seeks to hold PHS vicariously liable for the acts of its employee, Dr. Crompton. A private corporation cannot be held liable under § 1983 on the basis of *respondeat superior* or vicarious liability. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996).

Rather, the plaintiff must establish a policy or custom that caused the constitutional violation. *Ford v. County of Grand Traverse,* 535 F.3d 483, 495 (6th Cir. 2008). Plaintiff argues that he has been denied a referral to a specialist. The evidence shows that plaintiff has received significant medical care and that the care provided was medically appropriate. His medical condition has never warranted a referral to a specialist. The Constitution does not guarantee plaintiff the best and most expensive care possible. Plaintiff has not presented evidence of a custom or policy sufficient to establish entitlement to relief against PHS. *See Barnett v. Luttrell*, 414 F. App'x 784, 790 (6th Cir. 2011); *Grose v. Correctional Med. Servs., Inc.*, 400 F. App'x 986, 989 (6th Cir. 2010); *Moses v. Prison Health Servs., Inc.*, No. 2:09-cv-236, 2011 WL 1044914, at * 3-4 (W.D. Mich. Mar.16, 2011).

I find that defendants PHS and Crompton are entitled to judgment in their favor as a matter of law on all plaintiff's claims.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant Curtin's Rule 12(b)(6) motion to dismiss (docket # 19) be granted. I further recommend that the motion for summary judgment by defendants PHS and Crompton (docket # 23) be granted and that judgment be entered in their favor on all plaintiff's claims.


Dated: October 3, 2013          /s/ Joseph G. Scoville
                                United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006)